AARON ORDWAY *vs.* ELIHU W. COLCORD.

In an action to recover for money had and received, the plaintiff can only recover interest from the date of the writ, unless in his declaration he alleged a demand before that time.

CHAPMAN, J. The plaintiff, in his first count, alleges that the defendant owes him five hundred dollars for money had and received by the defendant to the plaintiff's use. He was permitted to recover this sum with interest from the date of the writ. But he offered to prove that he had made a demand on the defendant for the money at a previous time, and contended that he was entitled to recover, upon that count, interest from the time of the demand, as damages for the detention of the money. The court ruled that he could not recover, and we think the ruling was correct.

According to the rules of special pleading, the declaration should be special when damages for the loss of the use of money are sought to be recovered, and the claim is not for interest as a debt. And under the count for money had and received, only the sum received for the plaintiff's use is recoverable; and if the plaintiff seeks to recover interest or expenses incurred, other counts must be insertea accordingly. 1 Chit. Pl. (6th Amer. ed.) 390.

In *Pease* v. *Barber*, 3 Caines R. 266, where a contrary doc-
trine is supposed to be stated, it does not appear whether the
interest was due by contract, or as damages. In the pres-
ent case, interest would be recoverable as damages, if at all.
*Hubbard* v. *Charlestown Branch Railroad*, 11 Met. 124.

Our practice act requires the plaintiff to state, with substan-
tial certainty, the substantive facts necessary to constitute the
cause of his action ; and it was the *intent of the legislature to*
retain the old rule of pleading, which required the grounds of
special damage to be distinctly averred. *Baldwin* v. *Western
Railroad*, 4 Gray, 333. A special demand, which entitles the
plaintiff to interest as damages for the detention of money, is an
important substantive fact to be proved, and should be stated.

*Exceptions overruled.*

*D. Saunders, Jr.*, for the plaintiff.

*S. B. Ives, Jr.*, for the defendant.